MILLY H. DEAN v. MARANSEY BEALL.

Wills—Revocation—Writing Must be Executed—Proof.

> A paper cannot be regarded as a revocation of a will previously made, unless it was in fact a will or codicil, or a writing declaring an intention to revoke the former will, and executed in the manner in which a will is required to be executed, and that without proof of the contents of the paper, it could not constitute a valid revocation in either of those iorms.

APPEAL FROM PENDLETON CIRCUIT COURT.

June 22, 1868.

OPINION OF THE COURT BY JUDGE HARDIN:

This was a controversy as to the validity of a paper purporting to be the will of William Angell, which was propounded by the appellee, Maransey Beall, and contested by Milly H. Dean, the testator's daughter and only heir at law.

It was proved in the circuit court that both the body and signature of said paper was in the hand-writing of William Angell, and the evidence as to his capacity to make a will at the time does not admit of controversy.

But the ground relied on for setting the will aside appears to have been that, in the fall of 1866 and nearly ten years after the date of the will, the testator constructively revoked it by the execution of another will.

There is proof in the record that the testator in the fall of 1866, complained that Mrs. Beall had secreted his will, and that he wrote a paper which he represented to be another will, and which was afterwards destroyed either by him or Mrs. Beall. But although one of the witnesses seems to have read some part of it, it does not appear to have been offered for probate, nor are there such facts disclosd in this record as to authorize its establishment as a will. And although it sufficiently appears that William Angell wrote the last named paper, and spoke of it as his will, it is not entirely certain from the evidence that he did not do so for the purpose of alarming or restraining Mrs. Beall, whom he charged with having become unkind to him, after the date of his former

will, in which a provision was made for her, rather than to make a valid testamentary paper to be preserved and carried out as his will.

But whatever may have been his intention, in writing that paper, and however it may have been destroyed, it is plain that it could not be established as a will upon the evidence in this cause for the reason that its contents are not disclosd.

According to sections 9 and 10, of chapter 106, of the Revised Statutes, said paper could not be regarded as a revocation of the will previously made, unless it was in fact a will or codicil, or a writing declaring an intention to revoke the will, and executed in the manner in which a will is required to be executed. And it is clear that without proof of the contents of the paper it could not constitute a valid revocation of the will in either of those forms.

It seems to us, therefore, that the judgment establishing the paper propounded as the last will and testament of William Angell, deceased, is in conformity with the law and facts of the case, and consequently said judgment is affirmed.

*Lee, for appellant.*

*Ireland & Duncan, for appellee.*